IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRUCE CATON, | |
| Petitioner, | 4:15CV3121 |
| V. | |
| STATE OF NEBRASKA, | **MEMORANDUM** |
| | **AND ORDER** |
| Respondent. | |

This matter is before the court on Petitioner Bruce Caton's Petition for Writ of Habeas Corpus ("petition"). (Filing No. 1.) For the reasons that follow, the court will dismiss the petition with prejudice and deny a certificate of appealability.

## I. BACKGROUND

In 2004, Petitioner was sentenced to 10 to 20 years in prison after being convicted of burglary with habitual criminal enhancement. (Filing No. 9-3 at CM/ECF p. 38.) The 10-year minimum sentence was mandatory under the habitual criminal statute, Neb. Rev. Stat. § 29-2221 (Reissue 1995).

Petitioner was discharged from the custody of the Department of Correctional Services ("Department") after serving 10 years of his sentence. *Caton v. State of Nebraska*, 291 Neb. 939, 941, 869 N.W.2d 911, 913 (2015). Petitioner was later taken back into custody when the Department realized that the mandatory discharge date had been erroneously calculated by giving good time credit on the 10-year mandatory minimum term of Petitioner's sentence. *Id.*

Petitioner subsequently filed a petition for a writ of habeas corpus in Nebraska state court, arguing that in calculating his mandatory discharge date, the Department's

reliance on *State v. Castillas*, 285 Neb. 174, 826 N.W.2d 255 (2013) violated the prohibition on ex post facto laws. *Caton*, at 941, 869 N.W.2d at 913. In *Castillas*, the Nebraska Supreme Court determined that Neb. Rev. Stat. § 83-1,110 makes clear that good time reductions under Neb. Rev. Stat. § 83-1,107 do not apply to mandatory minimum sentences. In other words, "a defendant must serve the mandatory minimum portion of a sentence before earning good time credit toward the maximum portion of the sentence." *Castillas*, 285 Neb. at 190, 826 N.W.2d at 268. The state district court dismissed the petition, and Petitioner appealed to the Nebraska Supreme Court. *Caton*, at 941, 869 N.W.2d at 913-14.

By written opinion, the Nebraska Supreme Court affirmed the district court's decision, stating as follows:

> The Ex Post Facto Clause provides simply that no State shall pass any ex post facto law. The ex post facto prohibitions found in the Ex Post Facto Clauses of U.S. Const. art. I, § 10, and Neb. Const. art. I, § 16, forbid Congress and the states from enacting any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed. Stated another way, the Ex Post Facto Clauses forbid the application of any new punitive measure to a crime already consummated.
>
> The Ex Post Facto Clauses ensure that individuals have fair warning of applicable laws, and the clauses guard against vindictive legislative action. Even where these concerns are not directly implicated, the clauses also safeguard a fundamental fairness interest in having the government abide by the rules of law it establishes to govern the circumstances under which it can deprive a person of his or her liberty or life.
>
> In *Weaver v. Graham*, [450 U.S. 24 (1981),] the U.S. Supreme Court held that it is a violation of the prohibition against ex post facto laws to apply a new formula for calculating future good time credits to a person incarcerated for a crime committed before the new law was passed.

> However, [Petitioner] challenges the alleged retroactive application of our decision in *Castillas* interpreting our good time statutes, not any change to the statutes themselves. Technically, the Ex Post Facto Clauses do not concern judicial decisions. As the text of the Ex Post Facto Clause makes clear, it is a limitation upon the powers of the Legislature, and does not of its own force apply to the Judicial Branch of government.
>
> Nevertheless, limitations on ex post facto judicial decisionmaking are inherent in the notion of due process, and retroactive judicial decisionmaking may be analyzed in accordance with the more basic and general principle of fair warning under the Due Process Clause. Under the Due Process Clause, the question is whether the judicial decision being applied retroactively is both unexpected and indefensible by reference to the law which had been expressed prior to the conduct in issue.
>
> We have explained that indefensible in this context means incapable of being justified or excused. Thus, where a court interprets a statute in a surprising manner that has little in the way of legal support, the interpretation could not be applied retroactively.

*Caton v. State of Nebraska*, 291 Neb. 939, 944-47, 869 N.W.2d 911, 915-17 (2015) (footnotes and internal quotations omitted). After discussing Nebraska's good time statutes, the supreme court concluded that its reading of the statutes in *Castillas* was "neither surprising nor legally unsupportable" and that the "Department did not violate [Petitioner's] right to due process when it calculated his mandatory discharge date in accordance with the calculation method set forth in *Castillas*." *Id*. at 947, 869 N.W.2d at 917.

Petitioner filed his Petition for Writ of Habeas Corpus (Filing No. 1) in this court on October 7, 2015. Liberally construed, Petitioner maintains that the Nebraska Supreme Court's application of the *Castillas* formula for calculating good time credits violated the prohibition on ex post facto laws, as well as his due process rights. While not entirely clear, Petitioner's due process argument seems to be based, at least in part,

3

upon a claim that he should have been granted a hearing before being taken back into custody.[1]

## II. DISCUSSION

When a state court has adjudicated a habeas petitioner's claim on the merits, there is a very limited and extremely deferential standard of review both as to the law and the facts. *See* 28 U.S.C. § 2254(d). Section 2254(d)(1) states that a federal court may grant a writ of habeas corpus if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). As explained by the Supreme Court in *Williams v. Taylor*, 529 U.S. 362 (2000), a state

---

[1] The Nebraska Supreme Court's opinion in *Canton* noted that other than Petitioner's challenge regarding the application of *Castillas*, Petitioner made "no other fully articulated argument that was both assigned as error and preserved below." *Canton*, 291 Neb. at 944, 869 N.W.2d at 915. *See Miller v. Brunswick*, 253 Neb. 141, 143, 571 N.W.2d 245, 246 (1997) ("Appellate review is limited to those errors specifically assigned in the appeal to the district court and again assigned as error in an appeal to a higher appellate court"). Consequently, Petitioner has not invoked one complete round of Nebraska's appellate review process with respect to any claim that he was denied due process by being re-incarcerated without hearing. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (finding that before seeking federal habeas corpus relief, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). Because this due process claim was previously available to Petitioner, Nebraska courts would not consider a successive post-conviction motion. *State v. Sims*, 277 Neb. 192, 198, 761 N.W.2d 527, 533 (2009) ("[A]n appellate court will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion"). Therefore, this claim is procedurally defaulted. The Nebraska Supreme Court did, however, address due process principles in connection with its discussion of ex post facto laws. *Canton, at 945, 869 N.W.2d at 916*.

court acts contrary to clearly established federal law if it applies a legal rule that contradicts the Supreme Court's prior holdings or if it reaches a different result from one of that Court's cases despite confronting indistinguishable facts. *Williams*, 529 U.S. at 405-06. Further, "it is not enough for [the court] to conclude that, in [its] independent judgment, [it] would have applied federal law differently from the state court; the state court's application must have been objectively unreasonable." *Rousan v. Roper*, 436 F.3d 951, 956 (8th Cir. 2006).

With regard to the deference owed to factual findings of a state court's decision, Section 2254(d)(2) states that a federal court may grant a writ of habeas corpus if a state court proceeding "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Additionally, a federal court must presume that a factual determination made by the state court is correct, unless the petitioner "rebut[s] the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

As the Supreme Court noted, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). The deference due state court decisions "preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [Supreme Court] precedents." *Id*. Indeed, "[i]t bears repeating that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. However, this high degree of deference only applies where a claim has been adjudicated on the merits by the state court. *See Brown v. Luebbers*, 371 F.3d 458, 460 (8th Cir. 2004) ("[A]s the language of the statute makes clear, there is a condition precedent that must be satisfied before we can apply the deferential AEDPA standard to [the petitioner's] claim. The claim must have been 'adjudicated on the merits' in state court.").

The Eighth Circuit clarified what it means for a claim to be adjudicated on the

5

merits, finding that:

> AEDPA's requirement that a petitioner's claim be adjudicated on the merits by a state court is not an entitlement to a well-articulated or even a correct decision by a state court. . . . Accordingly, the postconviction trial court's discussion of counsel's performance–combined with its express determination that the ineffective-assistance claim as a whole lacked merit–plainly suffices as an adjudication on the merits under AEDPA.

*Worthington v. Roper*, 631 F.3d 487, 496-97 (8th Cir. 2011) (internal quotation marks and citations omitted). The court also determined that a federal court reviewing a habeas claim under AEDPA must "look through" the state court opinions and "apply AEDPA review to the 'last reasoned decision' of the state courts." *Id.* at 497. A district court should do so "regardless of whether the affirmance was reasoned as to some issues or was a summary denial of all claims." *Id.* Similarly, the Supreme Court wrote:

> There is no text in the statute requiring a statement of reasons. The statute refers only to a "decision," which resulted from an "adjudication." As every Court of Appeals to consider the issue has recognized, determining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning.

*Harrington*, 562 U.S. at 98.

The findings of fact and conclusions of law made by the Nebraska state courts are entitled to deference under the statutory standard of review that applies to factual and legal conclusions reached by the state courts. After a careful review of the record, the court finds that the Nebraska state court decisions on the issues raised in Petitioner's petition are neither contrary to clearly established federal law nor

6

involved an unreasonable application of clearly established law.[2]

As pointed out by the Nebraska Supreme Court, the United States Supreme Court determined that a statute reducing the amount of good time which could be earned violated the ex post facto clause as applied to a prisoner whose crime occurred before the statute's effective date. *Weaver v. Graham*, 450 U.S. 24 (1981). In so holding, the Supreme Court stated that the "critical question is whether the law changes the legal consequences of acts completed before its effective date." *Id*. at 31. In this case, the punishment prescribed for Petitioner's crimes was not changed. Rather, *Castillas* clarified the methodology for calculating inmates' release dates under a previously existing statutory scheme. Moreover, principles of due process were not violated as the interpretation given to those statutes was not unexpected or indefensible. *See Rogers v. Tennessee*, 532 U.S. 451 (2001) (finding that judicial abrogation of a common law rule was not unexpected or indefensible and, thus, could be applied retroactively without offending due process). Therefore, the petition will be dismissed.

### III.  REQUEST FOR COUNSEL

Petitioner also requested the appointment of counsel in this matter. "[T]here is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson,* 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g., Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000)*, cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994). *See also* Rule 8(c)

---

[2] Petitioner filed a "Request for Judicial Notice" (Filing No. 15), asking the court to take note of *Evans v. Frakes*, 293 Neb. 253, 876 N.W.2d 626 (2016). The court has reviewed *Evans* and concludes that the decision does not change the outcome in this case.

of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). The court has carefully reviewed the record and finds there is no need for the appointment of counsel in this case.

### IV. CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b)(1). The standards for certificates (1) where the district court reaches the merits or (2) where the district court rules on procedural grounds are set for in *Slack v. McDaniel*, 529 U.S. 473, 484-485 (2000). I have applied the appropriate standard and determined Petitioner is not entitled to a certificate of appealability.

IT IS THEREFORE ORDERED:

1. This matter is dismissed with prejudice, and a separate judgment will be entered in accordance with this Memorandum and Order.

2. The court will not issue a certificate of appealability in this matter.

3. Petitioner's request for appointment of counsel (*See* Filing No. 1) is denied as moot.

DATED this 7th day of July, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge

8